UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HI&J INVESTMENTS LLC, a Utah limited liability company, and BTN TRACKER, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>BURSAR-CAMBIST, INC., a Texas corporation d/b/a MORTGAGE EXPRESS, and VINCENT CURRY, a Texas resident.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08-cv-633 CW<br><br>Judge Clark Waddoups |

**INTRODUCTION**

On December 12, 2008, the court entered a default judgment against Defendants Bursar-Cambist Inc. (dba Mortgage Express) and Vincent Curry in favor of Plaintiff for $2,373.863.01. (Dkt. No. 13). Plaintiff now seeks to renew that judgment. Plaintiff also requests that the court add $77,447.28 in interest on the original judgment. Because Plaintiff has failed to show effective service of process and how it calculated interest, the court denies without prejudice Plaintiff's Motion to Renew Judgment.

**PROCEDURAL BACKGROUND**

After the court entered default against Defendants, Plaintiff filed petitions for writs of execution and for writs of garnishment in 2009. Plaintiff also filed an affidavit of service

1

asserting that an Application for a Writ of Execution against Mortgage Express was served on January 29, 2009 to the Registered Agent, Corporation Service Company at 701 Brazos. Tre 1050, Austin Texas. (Dkt. No. 22).  The record does not reflect an address for the corporation itself or whether any funds were obtained as credit against the outstanding judgment.

On October 14, 2014, almost six years after the judgment was entered, Plaintiff filed a motion to renew the judgment. (Dkt. No. 31).  Because the case is based on diversity jurisdiction and Plaintiff had failed to plead the citizenship of the limited liability companies, the court asked it to resolve that issue.  The court also informed Plaintiff it had to effect service on Defendants, as required by Utah Code Ann. § 78B-6-1803, before a judgment could be renewed.  The court requested that Plaintiff inform the court about how it intended to proceed with service, stating that a failure to respond would result in a denial of the motion. (Dkt. No. 31).

Plaintiff complied with the court's request and showed that jurisdiction was proper.  It informed the court that it had run a "skip trace" on Defendant Curry and located a new address for him at which it would attempt service.  Plaintiff also stated that if service were unsuccessful, it would move for alternative service. (Dkt. No. 32).  Accordingly, the court entered an order finding that it had jurisdiction, but denying without prejudice the motion to renew judgment until service was accomplished. (Dkt. No. 33).

Approximately one week later, Plaintiff filed a "Certificate of Service" signed by counsel stating that the motion to renew judgment had been sent by first class and certified U.S. Mail to Vincent Curry at 9750 Windwater Drive, Apt. 935, Houston, Texas, 77075-2374. (Dkt. No. 34). The following month, it submitted a request to submit for decision its motion to renew judgment. Attached to the request to submit was an exhibit showing that the attempted service on Vincent Curry by certified mail was stamped "return to sender, unable to forward."  (Dkt. No. 35-1).

Rather than showing service had occurred, the exhibit supported that service had failed.

In response to the request to submit, the court entered another order explaining that the motion to renew judgment had been denied without prejudice.  Thus, absent a renewed motion, there was no pending motion to submit to the court for decision.  The court also explained that Plaintiff had failed to show service had been completed, but once it had proof of actual service, it could file a new motion to renew judgment.  (Dkt. No. 36).

Now pending before the court is Plaintiff's second Motion to Renew Judgment against Defendants Bursar-Cambist, Inc. and Vincent Curry.  (Dkt. No. 37).  In support, Plaintiff argues it has served the motion on the Defendants' last-known addresses shown in the certificate of service.  The certificate of service shows service by U.S. Mail on Bursar-Cambist, Inc. at 6776 Southwest Fwy., Suite 530, Houston, Texas, 77075-2374 and on Vincent Curry at the same address ("Business Address").  The certificate also shows service by U.S. Mail on Vincent Curry at 9750 Windwater Drive, Apt. 935, Houston, Texas, 77075-2374 ("Personal Address").

To support the validity of the Business Address, Plaintiff attached two exhibits to its motion.  The first exhibit is entitled "Franchise Tax Account Status" for Bursar-Cambist, Inc., that contains a stamp from the Texas Office of the Comptroller.  (Dkt. No. 37-2).  The document states March 6, 2000 was the "Effective [Secretary of State] Registration Date."  With respect to Bursar-Cambist's "Right to Transact Business in Texas," the document states the "Franchise Tax Involuntarily Ended."  It provides no information about when the tax status involuntarily ended.

The second exhibit also appears to be from the Texas Comptroller.  (Dkt. No. 37-3).  It identifies Vincent Curry as director and president of Bursar-Cambist, but states the "Report Year: Not Available."  The address listed for Curry, as director and president, is the same one listed for Bursar-Cambist (i.e. the Business Address listed above).

With respect to the Personal Address, Plaintiff provided an affidavit from Richard F. Ensor. He states his "office ran a search online to find additional addresses for Vincent Curry and found 9750 Windwater, Apt. 935, Houston, Texas 77-75-2374." (Dkt. No. 37-1, ¶ 8). Hence, the motion to renew was also mailed to the Personal Address to effect service on Curry.

## ANALYSIS

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citation omitted). "[W]hen notice is a person's due, process which is a mere gesture is not due process." *Id.* at 315. Rather, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id.*

In this case, for the court to renew a judgment of almost $2.4 million, Plaintiff must show the addresses to which it mailed its motion were reasonably calculated to provide notice. For the Business Address, Plaintiff provided two exhibits that have not been authenticated. Moreover, the exhibits indicate Bursar-Cambist registered as a corporation sixteen years ago in Texas and the business ended involuntarily. Mailing the motion to an address where the corporation is no longer in business constitutes a mere gesture at service.

With respect to serving Curry at the Personal Address, Plaintiff's actions are even more troubling. In the court's December 2015 order, it stated service at the Personal Address was ineffective because the attempt by certified mail had been stamped "return to sender, unable to forward." This indicated Curry was no longer at that address. Yet, that is the same address Plaintiff now proffers again to show service by mail. Unless Plaintiff has specific facts to show

4

that Curry is indeed at that address despite the prior return, no matter how many times the motion is mailed there, it will not constitute proper service.

Rule 4(e)(1) and (h)(1)(A) of the Federal Rules of Civil Procedure allows a plaintiff to follow "state law for serving a summons in an action." Utah law recognizes alternative means of service, which Plaintiff at one point said it would pursue. If it does so, the court admonishes Plaintiff to be aware that such alternative methods are not allowed under Utah law unless the plaintiff has "first undertaken reasonably diligent efforts to locate the party to be served." *Jackson Constr. Co., Inc. v. Marrs*, 2004 UT 89, ¶ 11, 100 P.3d 1211. Moreover, an affidavit must be submitted that details the "efforts made to identify, locate or serve the party to be served." *Id.* (citing Utah R. Civ. P. 4(d)(4)(A)). Merely stating that an online search was conducted and it showed an old address is insufficient to meet these criteria.

Finally, Plaintiff asks the court to add $77,447.28 in interest to the judgment, but has provided no details about how the amount was calculated or whether it is the correct amount provided for by law. The court therefore lacks sufficient information to add such interest to the judgment even if Defendants had been properly served.

## CONCLUSION

For the reasons stated above, the second Motion to Renew Judgment is DENIED again without prejudice. (Dkt. No. 37). Should Plaintiff choose to file a third motion to renew judgment, the court urges counsel to address the problems discussed both with respect to service of process and Plaintiff's request for interest.

DATED this 16th day of May 2016.

                                            BY THE COURT:

                                            _____
                                            Clark Waddoups
                                            United States District Judge