UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HI&J INVESTMENTS LLC, a Utah limited liability company, and BTN TRACKER, LLC, a Utah limited liability company,<br><br>        Plaintiffs,<br><br>vs.<br><br>BURSAR-CAMBIST, INC., a Texas corporation d/b/a MORTGAGE EXPRESS, and VINCENT CURRY, a Texas resident.<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:08-cv-633 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

On December 22, 2008, the court entered Default Judgment against Defendants Bursar-Cambist Inc. (dba Mortgage Express) and Vincent Curry in favor of Plaintiff for $2,373,863.01. (Dkt. No. 13). For approximately two years, Plaintiff HI&J Investments, LLC has attempted to renew that judgment, but the court has denied renewal based on insufficient service of process. On November 3, 2016, Plaintiff filed a new Motion to Renew Judgment that delineates the efforts Plaintiff has undertaken to locate and serve the defendants. Based on Plaintiff's collective efforts over the past two years, the court grants the motion to renew judgment.

## ANALYSIS

Utah Code authorizes renewal of a judgment, provided six conditions are met.  First, a motion must be filed in the original action.  Utah Code Ann. § 78B-6-1802(1).  Plaintiff has satisfied this requirement.  Second, "the motion must be filed before the statute of limitations on the original judgment expires." *Id.* § 78B-6-1802(2).  Under Utah law, "judgment shall continue for eight years from the date of entry in a court." *Id.* § 78B-5-202(1).  Plaintiff filed its motion before eight years had elapsed.  It therefore has satisfied the second requirement.

Third, the motion must include an affidavit that details what payments have been made and the balance that is remaining. *Id.* § 78B-6-1802(3).  Plaintiff has provided the required affidavit showing that no payments or offsets have been made to satisfy the judgment.  Plaintiff also has provided a calculation for post-judgment interest.  As of December 22, 2008, the post-judgment interest rate was 0.45% per annum, which equals .0375% per month.  Thus, Plaintiff has satisfied the third condition.

Fourth, the court must find that the facts in the affidavit are accurate.  The court concludes the principal and interest rate are accurate as stated in the affidavit.  The fourth condition also requires Plaintiff to provide notice of the motion to defendants by sending it "to the most current address known for the judgment debtor." *Id.* § 78B-6-1802(4).  Plaintiff has engaged in multiple attempts to serve the defendants, including conducting searches through a service at TransUnion and hiring a private investigator.  Those efforts show defendant Vincent Curry may be attempting to hide his location; thus, making service of the motion problematic.  Over the past two years, Plaintiff has mailed notice to the last addresses of record for Bursar-Cambist, Inc. and to multiple addresses where Vincent Curry may be located.  The court concludes those efforts satisfy the requirement to send notice "to the most current address *known*

2

for the judgment debtor."

Fifth, the time for responding to the motion must have expired. This requirement has been satisfied. Sixth, all court fee requirements must have been paid, which Plaintiff has also satisfied.

## **ORDER**

Based on the foregoing, the court GRANTS the Motion to Renew Judgment. (Dkt. No. 42). Judgment against Defendants Bursar-Cambist Inc. (dba Mortgage Express) and Vincent Curry jointly and severally is hereby renewed in favor of HI&J Investments, LLC as follows:

1.      For the sum of $2,373,863.01;

2.      Together with post-judgment interest at the rate of 0.45% per annum from December 22, 2008 until this Judgment is paid in full.

DATED this 14th day of December, 2016.

BY THE COURT:

Clark Waddoups
United States District Judge